BETTY BRENEK, Respondent, v. JOHN BEDNAR and Others, Appellants.— Action to recover on a bond executed by defendants and secured by a mortgage on defendants' premises. Prior to the commencement of this action and before defendants were in default under the bond, negotiations were had between them and one Vlach. These negotiations resulted in defendants' conveying the property to one Hone, who shortly thereafter transferred it to plaintiff. The record presents questions of fact as to whether Hone was plaintiff's dummy at the time he received the deed, and whether defendants delivered the deed in consideration of Vlach's promise to return the bond or release defendants from their obligations under it, and whether Vlach was plaintiff's agent with authority to make such an agreement. On this record we cannot say whether the debt was extinguished and the mortgage given to secure it merged in the fee. If, on the new trial to be granted, the facts in dispute are found in favor of plaintiff and it is pleaded and proved that, during the pendency of this action, the first mortgagee foreclosed his mortgage, thereby wiping out plaintiff's junior mortgage and barring her lien, then the mortgage moratorium laws (Civ. Prac. Act, §§ 1083-a and 1083-b) would not apply. (*Weisel v. Hagdahl Realty Co., Inc.*, 241 App. Div. 314.) Judgment entered on a directed verdict reversed on the law and a new trial granted, costs to appellants to abide the event. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.