DANIEL HICKEY, Respondent, v. CITY OF SCHENECTADY, Appellant.— Appeal from a judgment of Schenectady County Trial and Special Term, Supreme Court, in favor of plaintiff. The action is brought by the plaintiff to recover damages sustained by the plaintiff through the alleged negligence of the defendant, due to a defective pavement. A verified claim was prepared by the plaintiff and copies thereof were served upon the proper city officials and a copy was also served upon the corporation counsel. The appellant urges that the claim thus served on the corporation counsel was not the notice of intention to sue required to be served upon the corporation counsel by section 244 of the Second Class Cities Law and furthermore that service upon the officials of the city of *copies* of the verified claim did not constitute service of a *verified* claim upon such officials. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Judicial Settlement of the Accounts of SAMUEL SHEMIN, Executor, etc., of BESSIE HALPERN, Deceased. SAMUEL SHEMIN, Appellant; DAVID BRILL, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of CATHERINE MULLEE, Respondent, against MAX BERMAN, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Deceased, a lumber handler, received injuries from which he died. The only question involved is the fixing of the compensation rate under subdivision 2 of section 14 of the Workmen's Compensation Law, it being the contention of the appellants that it should have been fixed under subdivision 3 of section 14. The deceased had not worked substantially the whole of the preceding year and the wages of a person working in a similar employment in the same neighborhood was taken as a basis for the award of compensation. The earnings were properly ascertained under subdivision 2 of section 14 and the award should be affirmed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. McNamee, Crapser, Bliss and Heffernan, JJ.

SAMUEL R. DANZIG, Appellant, v. HENRY J. GOLD and Another, Respondents.— The plaintiff was the owner of a second mortgage on property in Schenectady. The first mortgage was foreclosed, plaintiff herein having been made a party to said action, the property was sold and failed to bring the amount of the first mortgage. Plaintiff brought an action on the bond given in connection with the second mortgage. The defendants interposed an answer, alleging that the bond on which plaintiff bases his action was accompanied by a mortgage executed simultaneously with said bond, and that the value of the mortgaged property, less the other prior incumbrances and liens, exceeds the amount due on the bond. This is not a defense after the foreclosure of the first mortgage cutting off the rights of the plaintiff herein. The action is not governed by section 1083-b of the Civil Practice Act. The order appealed from should be reversed. Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. (See *Johnson* v. *Meyer*, 268 N. Y. 701.) Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.