GEORGE M. CLARKE, as Trustee under the Will of ANNE
D. THOMSON, Deceased, Appellant, *v.* CHARLES W.
SCHUMANN et al., as Trustees under the Will of CHARLES
W. SCHUMANN, Deceased, et al., Respondents.

(Argued October 17, 1935; decided November 19, 1935.)

*Charles J. Healy* and *George M. Clarke* for appellant.
The Special Term, pursuant to section 1083-a of the Civil
Practice Act, was required to determine the fair and
reasonable market value of the mortgaged premises at a
sum equal to, or a sum in excess of the amount due plain-
tiff, in order properly to deny the motion for deficiency
judgment. (*Metropolitan Life Ins. Co.* v. *Rosenfield,*

153 Misc. Rep. 218; *City Bank Farmers Trust Co. v. Combined Real Estate Interests*, 149 Misc. Rep. 743.)

*Byron L. Shinn* and *David L. Charal* for Emma Schumann et al., as trustees under the will of George H. Schumann, deceased, respondents. Plaintiff failed to sustain the burden of proof and to show he is entitled to a deficiency judgment. (*Sloan* v. *Baird,* 162 N. Y. 327; *Weed* v. *Lyons Petroleum Co.,* 294 Fed. Rep. 725.) Plaintiff is not entitled to any direction for entry of a deficiency judgment or to further proceedings in the courts below. (*New York Life Ins. Co.* v. *Guttag,* 265 N. Y. 292; *City Bank Farmers Trust Co.* v. *Ardlea Incorporation,* 267 N. Y. 224.)

CRANE, Ch. J. This action was commenced by the plaintiff, George M. Clarke, as sole substituted trustee under the last will and testament of Anne D. Thomson, deceased, to foreclose a mortgage on a six-story loft building known as premises 28–32 West Third street and 219 Greene street in the borough of Manhattan, city of New York. The judgment of foreclosure and sale was signed on April 2, 1934, and the premises described in the judgment were sold at public auction to the plaintiff herein for the sum of $10,000. The referee found that in accordance with the provisions of the judgment of foreclosure and sale the mortgagors were indebted to the mortgagee in the sum of $63,361.19. Applying the purchase price of $10,000, it left a deficiency of $53,361.19 due to the plaintiff. As section 1083-a of the Civil Practice Act was applicable to this foreclosure the plaintiff could not have judgment for this deficiency but was obliged to apply to the court for a valuation of the property to determine whether as a fact there was a deficiency according to the methods of ascertainment therein contained.

On July 10, 1934, the plaintiff made a motion at Special Term for an order confirming the referee's report and determining the fair and reasonable market value

of the premises as of the date the premises were bid in at auction or such nearest earlier date as there was any market value thereof. The plaintiff submitted the affidavits of reputable real estate men showing the market value of the premises and the facts and figures relating to sales by which these experts had arrived at their conclusion. This was met by opposing affidavits submitted on behalf of the respondents giving their estimate of value. The court reserved its decision and later made an order confirming the referee's report of sale and determining the value of the property to be $57,000. The court's opinion reads: " The sale is confirmed. * * * The land value seems pretty well fixed at about $35,000. A business building which cannot be rented is worth nothing. A building rented permanently has a value. What is a building worth whose present structural cost, less depreciation, adds $28,000 when it is vacant and, while in condition for renting has no immediate prospect of being rented? I think it is worth at least $22,000. This gives the value as $57,000. The motion for deficiency is denied."

If the value of the land as found by the justice was $57,000, and the indebtedness $63,361.19, deficiency should have been given for the difference between these two figures. This is not a case where a stranger bought in the property for $10,000, so that the purchase price over expenses would go to the plaintiff mortgagee as a payment on the mortgage indebtedness. The plaintiff mortgagee put up his own money and would be merely getting it back. The deficiency, therefore, is the difference between the value of the property received and the mortgagor's indebtedness as found by the referee after consummation of the sale.

Section 1083-a, above referred to, provides that: " No judgment shall be granted for any residue of the debt remaining unsatisfied * * * except as herein provided. Simultaneously with the making of a motion for an order confirming the sale, or within ninety days after

the date of the consummation of the sale by delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought * * *. Upon such motion the court * * * *shall* determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction * * * and *shall* make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest * * * less the market value as determined by the court." Upon such an application as is here provided for the court must ascertain the market value of the property and must enter a deficiency judgment if that value be less than the amount due.

The parties in this proceeding made no objection to the method of determining market value by the affidavits of experts. Upon the argument of the appeal and in the briefs this method is admitted to be satisfactory to them. Much discussion, however, has arisen over the meaning of the memorandum decision of the Special Term justice. One claims that he determined the value as $57,000, and the other insists that he did not. Exactly what the justice did mean is somewhat difficult to determine. We have taken his figure at $57,000 as he stated it in the last sentence. If this be correct, we cannot understand why he did not allow deficiency judgment. In order to avoid any doubt upon this question of value we think in reversing that it is proper that a rehearing should be had and, therefore, remit this matter to the Special Term for a further and more exact decision, fixing the value pursuant to the section of the Civil Practice Act above quoted.

The orders should be reversed, and the matter remitted to the Supreme Court for a new hearing in accordance with this opinion, with costs in this court and in the Appellate Division to the appellant.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Ordered accordingly.