FIRST NATIONAL BANK & TRUST COMPANY OF ELMIRA, as Successor Trustee under the Last Will and Testament of ADELE W. SMITH, Deceased, Respondent, *v.* SHERMAN B. JONES, Individually and Others, Defendants, Impleaded with SHERMAN B. JONES and CHEMUNG CANAL TRUST COMPANY, as Administrators with the Will Annexed, etc., of MARY A. JONES, Deceased, and as Executors and Trustees under the Last Will and Testament of CHARLES L. JONES, Deceased, Appellants.

Third Department, March 3, 1937.

*Thomas M. Losie*, for the appellants.

*Mandeville, Waxman, Buck, Teeter & Harpending [DeForest E. Fox* of counsel], for the respondent.

PER CURIAM. Appeal by the representatives of deceased mortgagors defendants in a mortgage foreclosure from the order confirming the sale of the mortgaged premises and fixing the amount of the deficiency judgment. The amount of the judgment of foreclosure was $13,464.01. On the motion to fix the deficiency judgment, the court found the market value of the property to be $12,000, and granted a deficiency judgment for the difference between that sum and the amount of the judgment, plus interest.

The appellants present three points: (1) The receiver of the rents and profits had in his hands $155 net, which was paid to the respondent mortgagee, but credit therefor was not given in determining the amount owing by the mortgagors' representatives. Respondent finds justification for failure to give credit in the last paragraph of section 1083-a of the Civil Practice Act. That paragraph has to do only with the disposition of the net rentals collected by a receiver. It has no significance in connection with the computation to determine " the amount owing." If the mortgagee has received moneys from rentals of the mortgaged premises, it reduces " the amount owing " to him. The import of the. paragraph is plain. No matter what may happen in connection with the motion for a deficiency judgment, or whether such a motion is made, if the amount of the judgment is greater than the amount bidden for the premises, then the rentals to the extent to which the judgment exceeds the price bidden, belong to the mortgagee. If the meaning of the paragraph was less plain and if the language would sustain the construction contended for by respondent, difficulty would be encountered with the basic law, for while this section is constitutional because it is emergency legislation, the creditor is not the one in distress (*Klinke* v. *Samuels*, 264 N. Y.

144) and he would not be permitted, under the due process clause of the Fourteenth Amendment of the Constitution of the United States, to take the property of the debtor and not apply it upon the debt. The deficiency judgment should be modified by reducing the amount thereof by $155, with interest thereon from April 2, 1936, the date when it was paid to respondent.

(2) The appellants further assign error: That the court visited the premises and that his decision is based on his observations as well as on the evidence given by the witnesses. The attorney for the respondent stated during the trial, " I suggest this, that the court make a personal inspection of the property." The attorney for the appellants replied, " Of course, I expect he will make a personal inspection of the property, but I would like the record to show what the occupancy is." The judge says in his opinion concerning his inspection, " From an inspection of the property and its location it is obvious that a value placed on the basis of replacement is excessive." In view of the consent there was no error.

(3) Appellants argue that the value of the property should have been fixed at $14,000 rather than $12,000. This objection involves the weight of evidence. This court will not interfere with the determination made by the trial judge, as there was evidence to sustain his finding.

The judgment and order should be modified by reducing the amount of the deficiency judgment in the sum of $155, with interest thereon from April 2, 1936, and as so modified affirmed, without costs.

HILL, P. J., McNAMEE, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment and order modified, on the law, by reducing the amount of the deficiency judgment in the sum of $155, together with the interest thereon from April 2, 1936, and as so modified affirmed, without costs.