Dows Estates, Incorporated, Respondent, *v.* Helen H. Smith, Respondent, and Prudence Realization Corporation, Appellant, et al., Defendants.

Argued April 5, 1943; decided June 10, 1943.

*Albert J. Baruth* and *Irving L. Schanzer* for appellant.

*Dudley A. Wilson* and *Joseph W. Goodwin* for plaintiff, respondent.

CONWAY, J. This is an appeal by Prudence Realization Corporation from that part of a judgment entered upon a decision of the Appellate Division affirming a judgment in a mortgage foreclosure action which adjudged and awarded as between plaintiff and Prudence Realization Corporation a deficiency judgment against defendant-respondent, Helen Hueffner Smith (hereinafter called defendant), in the sum of $1,708.31 with interest in favor of the plaintiff and in the sum of $771.24 with interest in favor of Prudence Realization Corporation.

On April 4, 1928, one Samuel Sharlach executed a bond and mortgage in the sum of $16,000 to the Prudence Company, Inc., on premises in Westchester County. By an extension agreement dated September 1, 1931, the defendant covenanted and agreed to pay the mortgage indebtedness. On September 12, 1932, when the mortgage had been reduced to 15,000, the Prudence Company, Inc., entered into a so-called Ownership Agreement with Amalgamated Properties, Inc., by which the ownership of the bond and mortgage was divided between them. That agreement contained, among others, the following clauses:

" *First:* The ownership of the party of the first part [The Prudence Company] in said bond and mortgage is now to the extent of TWELVE THOUSAND FIVE HUNDRED ($12,500.00) Dollars and interest thereon at the rate of six per centum per annum from the 1st day of September, 1932, and the party of the second part [Amalgamated Properties, Inc.] is the owner of the balance of the principal and interest only of said mortgage debt remaining; but the ownership of the party of the first part is superior to that of the party of second part, as if the party of the first part held a first mortgage for said sum of TWELVE THOUSAND FIVE HUNDRED ($12,500.00) Dollars and interest thereon as aforesaid, and the party of the second part held a

second and subordinate mortgage to secure the principal and interest of the party of the second part in said mortgage debt.

\* \* \* \* \* \* \*

"*Fourth:* The party of the first part shall have all the rights of any holder of said bond and mortgage including the right to foreclose the same and to receive the proceeds of sale from the referee, but the party of the second part shall in any and every event, have the right to an accounting for all money received by the party of the first part or any assignee of the interest of the party of the first part in said bond and mortgage in excess of the ownership of the party of the first part in said bond and mortgage. In case of foreclosure the party of the first part shall be under no obligation to protect the interest of the party of the second part upon a sale of the mortgaged premises."

On September 15, 1932, Prudence Company, Inc., sold to plaintiff the $12,500 interest in the bond and mortgage subject to the said Ownership Agreement. The junior interest of $2,500 was assigned by Amalgamated Properties, Inc., to the Prudence Company, Inc., by instrument recorded March 11, 1940, and thereafter assigned by the trustee in bankruptcy of the Prudence Company, Inc., to Prudence Realization Corporation (hereinafter called Prudence.)

In March, 1940, plaintiff instituted an action for the foreclosure of the mortgage, making Prudence a party defendant, and asked that judgment be granted in favor of plaintiff and Prudence. Thereafter judgment of foreclosure and sale was entered and the premises were sold to plaintiff for $12,500. A motion was then made by the plaintiff for leave to enter a deficiency judgment on its own account and on account of Prudence against the defendant. In that motion Prudence joined. The matter was referred to an official referee to determine the amount of the deficiency, if any. The official referee found that the indebtedness on the entire mortgage was $18,542.95; that the defendant was entitled to a credit of $1,063.40, the amount of the rents paid over by the receiver to the plaintiff, leaving an aggregate indebtedness owing by the defendant of $17,479.55; that the amount due the plaintiff was $15,271.71 less the credit of $1,063.40 or a total amount of $14,208.31; that the fair and reasonable market value of the

property was $15,000 at the date of the foreclosure sale; that a deficiency was owing by defendant in the sum of $2,479.55 (the difference between the aggregate indebtedness of $17,479.55 and the fair value of the property, $15,000). The official referee then apportioned the deficiency between plaintiff and Prudence by awarding to plaintiff the sum of $1,708.31 (the difference between the total due plaintiff of $14,208.31 and the sale price of $12,500) and the balance of $771.24 to Prudence. Judgment was entered accordingly.

What were the rights of plaintiff and Prudence as between themselves? By contract they were first and second mortgagees. The plaintiff had the right to collect the entire amount of interest due, to retain the amount due it and then was obligated to remit to Prudence " any balance of interest remaining." (Ownership Agreement, clause " Second.") The plaintiff could collect the entire debt, give a satisfaction of the mortgage and then was obligated to account to Prudence for principal and interest received in excess of the amount due it.

Had plaintiff and Prudence *actually* been first and second mortgagees with separate bonds for $12,500 and $2,500 respectively and the plaintiff, in a foreclosure action, had made Prudence a party, it would, of course, have been in order to cut off the interest of the latter. In such a case if the amount due the plaintiff had been $14,208.31, the value of the property, as subsequently determined under Civil Practice Act section 1083-a, $15,000 and the plaintiff had purchased the mortgaged premises for $12,500, no deficiency judgment could have been entered, the lien of Prudence as second mortgagee would have been wiped out and it would have been relegated to an action on its bond as second mortgagee. (*Weisel* v. *Hagdahl Realty Co.*, 241 App. Div. 314; *Brenek* v. *Bednar*, 243 App. Div. 622; *Danzig* v. *Gold*, 246 App. Div. 671; *Realty Associates Securities Corp.* v. *Hoblin*, 247 App. Div. 904; *Wachtel* v. *Tantleff*, 255 App. Div. 867.)

The difficulty here, however, is that while, by contract as between themselves, the plaintiff was a first and Prudence a second mortgagee, as against the defendant they were co-owners of a single mortgage. Defendant was obligated to pay on but one instrument, the extension agreement running to plaintiff, as assignee. Defendant could not be sued by Prudence on any

bond. The foreclosure action had been brought against defendant by plaintiff on behalf of itself and Prudence and in that action the entire deficiency obligation of defendant had been properly determined to be $2,479.55. That was the total deficiency judgment which could be docketed and which defendant could be made to pay. It was for plaintiff and Prudence to contest between themselves as to their interests in the fund composed of (1) the mortgaged premises purchased by plaintiff at the sale and (2) the deficiency judgment. In that contest defendant has no interest. We are concerned only with the question whether or not there should be apportionment of the deficiency judgment between plaintiff and Prudence as made in the judgment below.

Plaintiff urges that as between it and Prudence, section 1083-a is not applicable. Section 1083-a of the Civil Practice Act provides: " No judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by the preceding section where an action to foreclose the mortgage has been or shall be commenced during the emergency, * * * except as herein provided. Simultaneously with the making of a motion for an order confirming the sale, * * * the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought * * *. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises * * * and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. * * *."

The purpose of the section was to set up a new equitable standard for dealing with deficiency judgments so as " on the one hand, to protect unfortunate mortgagors, and, on the other, to allow mortgagees, when equitable in the circumstances, to

secure deficiency judgments." (*Heiman* v. *Bishop*, 272 N. Y. 83, 86.) Prior to the enactment of that section, a judgment of foreclosure and sale could provide for payment to the plaintiff of the residue of the debt remaining unsatisfied after the sale. (See former § 1083.) The docketing of the deficiency judgment was a mere clerical act. (*Morris* v. *Morange*, 38 N. Y. 172; *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.)

The intention of the Legislature as evidenced by sections 1083-a, 1083-b and new section 1083 was that deficiency judgments in mortgage foreclosure actions were to be based on the fair market value of the property as determined by the court or the sale price, whichever was higher. The court " must ascertain the market value of the property and must enter a deficiency judgment if that value be less than the amount due." (*Clarke* v. *Schumann*, 269 N. Y. 60, 63.)

Prior to the enactment of section 1083-a in 1933, as we have seen, (*supra*), a deficiency judgment for the difference between the sale price under the foreclosure judgment and the total indebtedness would have been docketed against defendant. Plaintiff would have been entitled to the full difference in cash with obligation over to Prudence for all moneys received over and above its due. The judgment docketed would have been in a sum sufficient to satisfy the amount due both plaintiff and Prudence. Now, under section 1083-a, the purchase of the property by plaintiff and the docketing and payment of the deficiency judgment in the sum indicated will discharge the obligation of the defendant under the mortgage and extension agreement both to plaintiff and Prudence. A deficiency judgment may, in this instance, however, be entered only for the difference between the market value and the total indebtedness. That is for a lesser amount — in this instance for $2,479.55 instead of for $4,979.55. The remedies of both of the owners of the lien of the mortgage are affected. As between plaintiff and Prudence, plaintiff has received property valued by the referee, as of the date of the foreclosure sale, at a sum greater than the amount of its claim and it should receive nothing more. While under the terms of the Ownership Agreement the deficiency must be docketed in favor of the plaintiff, the latter must account for all moneys received under such deficiency judgment to Prudence. (See *Intra-State Investors Corp.* v. *New York Trust Co.*, 249 App. Div. 591, affd. 276 N. Y. 527.)

Any determination other than that Prudence is entitled to the entire amount collected on the deficiency judgment would be to deprive Prudence of its rights under the Ownership Agreement as against plaintiff without granting it anything in return. " The Legislature may modify or change existing remedies or prescribe new modes of procedure, without impairing the obligation of contracts, provided a substantial or efficacious remedy remains or is given, by means of which a party can enforce his rights under the contract." (*Oshkosh Waterworks Co.* v. *Oshkosh*, 187 U. S. 437, 439.) In the instant case, as against Prudence, plaintiff has received property valued under section 1083-a at more than the amount of its claim. It is constitutionally entitled to no more than payment in full. (*Gelfert* v. *National City Bank*, 313 U. S. 221, 233.) Both plaintiff and Prudence have been deprived of the right to enter a deficiency judgment based on the difference between the amount due them and the sale price but together they have been given the modified or substituted remedy of taking the property at its market value plus a deficiency judgment for the difference between that value and the amount due.

The judgments should be reversed with costs to appellant in all courts and a judgment entered for the deficiency in favor of plaintiff with appropriate provisions in accordance with this opinion.

Lehman, Ch. J., Lewis and Desmond, JJ., concur; Rippey, J., concurs in result; Loughran, J., dissents and votes to affirm; Finch, J., taking no part.

Judgment accordingly.