METROPOLITAN INVESTORS SERVICE, INC., Appellant, *v.* PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY, as Executor of and Trustee under the Will of EMIL REINEKING, Deceased, Respondent.

Submitted April 3, 1944; decided May 25, 1944.

*Herman B. Forman* and *Richard A. Geis* for appellant. I. Until the mortgaged property was disposed of to a third party, it remained a part of the fund for which the senior interest holder was accountable under the ownership agreement. (*Intra-State Investors Corp.* v. *New York Trust Co.*, 249 App. Div. 591, 276 N. Y. 527; *Dows Estates, Inc.*, v. *Smith*, 290 N. Y. 484.) II. Fraud is not a necessary element of plaintiff's action for accounting. (*Intra-State Investors Corp.* v. *New York Trust Co.*, 249 App. Div. 591, 276 N. Y. 527; *Van Epps* v. *Van Epps*, 9 Paige 237; *Fulton* v. *Whitney et al.*, 66 N. Y. 548; *Bennett et al.* v. *Austin*, 81 N. Y. 308.) III. The senior interest holder was unjustly enriched. (*Dows Estates, Inc.*, v. *Smith*, 290 N. Y. 484; *Gelfert* v. *National City Bank*, 313 U. S. 221; *Intra-State Investors Corp.* v. *New York Trust Co.*, 249 App. Div. 591, 276 N. Y. 527; *Central Hanover Bank & Trust Company* v. *Roslyn Estates*, 266 App. Div. 244; *Honeyman* v. *Jacobs*, 306 U. S. 539.)

*Otto P. Burkard* for respondent. I. The senior holder did not occupy any fiduciary relationship to the junior holder and the latter's rights under the ownership agreement were extinguished by the foreclosure sale. (*Dows Estates, Inc.*, v. *Smith*, 290 N. Y. 484; *Lowenfeld* v. *Wimpie*, 139 App. Div. 617, 203 N. Y. 646; *Clare* v. *New York Life Insurance Co.*, 178 App. Div. 877; *Goodwin* v. *Gilsey*, 210 App. Div. 31.) II. Reineking, as purchaser at the foreclosure sale, was the absolute owner of the property. What he did with it thereafter, there having been no fraud in his acquisition of it, was no longer of any concern to the former junior holder. He did not assume to act under the judgment but merely under the absolute title he had acquired. Since no excess over the senior holder's interest had been received from the foreclosure, which was completely terminated by the order confirming the referee's report of sale, there was no obligation to account under the participation agreement. (*Matter of 408 East 18th Street*, N. Y. L. J., March 9, 1944.)

DESMOND, J. Plaintiff formerly owned the junior interest, defendant's testate the senior interest, in a real property mortgage. Their respective rights in that lien were described in an agreement entered into between their predecessors. The mortgage was foreclosed and the land was bought in at the foreclosure sale by defendant's testator at a price less than was required to satisfy its share of the mortgage. Plaintiff sues here for an accounting under the mortgage ownership agreement, the complaint alleging that defendant, on reselling the premises after having bid it in at the foreclosure sale, got a price substantially in excess of the amount owing to it on its superior interest in the mortgage. No fraud is alleged, but plaintiff asserts that its rights to an accounting extended to the proceeds of that resale. Both parties moved for summary judgment; defendant's motion was granted and the complaint dismissed. After the Appellate Division had unanimously affirmed, we granted leave because the question involved has not heretofore been answered by this court.

The facts are not in dispute. The principal amount of the mortgage was $6,750. The secondary interest of $2,750 later acquired by plaintiff, was subordinate to the primary interest of $4,000 owned by defendant's testator, Reineking. In 1936 Reineking prosecuted the foreclosure suit to a judgment in which the sum of $7,567.87 was found to be the total due for principal and interest on the whole mortgage. Plaintiff's predecessor as owner of the subordinate interest was joined as a defendant in that suit and received due notice of sale. At the referee's auction sale Reineking bought in for $2,000, there being no other bidder. Two months after the sale at foreclosure, defendant's testator sold the premises for $7,700, which was $1,564.20 more than the amount which was unpaid on the senior interest in the mortgage, at the time of the referee's sale. Plaintiff demands that defendant account to it for that $1,564.20, asserting that the resale was for plaintiff's benefit and not for the profit of defendant alone.

The mortgage participation agreement, set forth in the complaint, contains these paragraphs:

" First: — The ownership of the party of the second part in said bond and mortgage is now to the extent of Four thousand

($4,000) Dollars and interest thereon at the rate of 5½% per centum per annum from April 1st, 1931, and the party of the first part is the owner of the balance of said mortgage debt remaining; but the ownership of the party of the second part is superior to that of the party of the first part, as if the party of the second part held a first mortgage for said sum of Four thousand ($4,000) Dollars and interest thereon as aforesaid, and the party of the first part held a second and subordinate mortgage to secure the interest of the party of the first part in said mortgage debt.

\* \* \* \* \* \* \*

" Fourth: — The party of the second part shall have all the rights of any holder of said bond and mortgage including the right to foreclose the same and to receive the proceeds of sale from the referee, but the party of the first part shall in any and every event, have the right to an accounting for all money received by the party of the second part or any assignee of the interest of the party of the second part in said bond and mortgage in excess of the ownership of the party of the second part in said bond and mortgage. In case of foreclosure the party of the second part shall be under no obligation to protect the interests of the party of the first part upon a sale of the mortgaged premises."

The statements in those two paragraphs are plain enough. They give fair notice to the owner of the junior interest that his co-owner, in whose name the mortgage stood of record, might foreclose the whole mortgage in his own name and in that foreclosure need do nothing to protect the lesser interest. If in and by that foreclosure suit there should be realized more than enough to pay off the prior interest, then the owner of the subordinate part might demand an accounting of the overplus. Such would be the rights and remedies of the parties without any express agreement. They were tenants in common, each with a vested right to his own undivided part of the chose in action and the security therefor. (See discussion in *Title G. & T. Co.* v. *Mortgage Comm.*, 273 N. Y. 415, 422.) Between the partial assignor (defendant's predecessor) and the partial assignee (plaintiff's predecessor) there was no fiduciary relationship, except to the extent that the partial assignor, had

he collected anything above the amount due him, would have held that excess, in a trust capacity, for the benefit of the partial assignee. (*Lowenfeld* v. *Wimpie,* 139 App. Div. 617, 620, affd. 203 N. Y. 646; 2 Williston on Contracts [Rev. ed.], §§ 441, 445; 1 Scott on Trusts, § 16; *Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179, 183; *Markey et al.* v. *Langley et al.,* 92 U. S. 142.) The rights of the secondary participant were transferred, by and at the time of the foreclosure sale, to the sale proceeds. (*Nutt* v. *Cuming,* 155 N. Y. 309.) Since the avails of the foreclosure sale were not enough to pay off the primary owner, the other's rights, and the relationship between the two tenants in common, were at an end. There was nothing to account for. The erstwhile owner of the senior interest in the mortgage, now become the owner of the fee, was, by the terms of the agreement and by settled law, no longer in any way beholden to his former cotenant.

We mentioned above that plaintiff alleges no fraud and points to no overreaching. As Justice Scott wrote for the Appellate Division in *Lowenfeld* v. *Wimpie, supra* (139 App. Div. at p. 621), after noting that there was in that case no lack of good faith or reasonable prudence: " respondent [subordinate participant] is entitled to the payment, out of the proceeds of the sale, of the amount due under its lien, after all the superior liens are satisfied." When there is less than enough to pay the prior claim, he is entitled to nothing. Appellant here bases its arguments mainly on *Intra-State Investors Corp.* v. *New York Trust Co.* (249 App. Div. 591, affd. 276 N. Y. 527). In that case the owner of the secondary participation won but judgment went for him because he proved that he had been lulled by his co-owner into inaction, the while his unfaithful associate bid in the property and then took advantage of his position to make a secret sale of his bid, for an amount more than enough to satisfy the whole mortgage. All that took place inside the foreclosure suit and before the referee's deed passed. The judgment in that case was based on specific findings of bad faith.

Our recent decision in *Dows Estates, Inc.,* v. *Smith* (290 N. Y. 484) does not help appellant. That case dealt with the respective rights of the owners of the superior and inferior mortgage interests, to the proceeds of a deficiency judgment, and with the effect, on those rights, of a finding of value in the proceedings on

the motion for the deficiency judgment. The amounts collected on that deficiency judgment had to be added to the value of the mortgaged property, and accounted for to the co-owner of the mortgage, to the extent that the total of the two sums was more than the amount due the senior holder.

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY and THACHER, JJ., concur; RIPPEY, J., taking no part.

Judgment affirmed.