■   ROGER M. ALLISON et al., as Trustees of the ALISON MORTGAGE INVESTMENT TRUST, Respondents, v ROSLYN PLAZA, LTD., et al., Defendants, FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, and AR-LITE MATERIALS CORP., Appellant.—In an action to foreclose a second mortgage, Ar-Lite Materials Corporation, judgment creditor, appeals from a judgment of the Supreme Court, Nassau County, entered March 24, 1977, which granted the plaintiffs' application for the entry of a deficiency judgment in the amount of $145,896.09, plus interest, and directed the receiver of the rents and profits of the mortgaged premises to turn over to the plaintiffs all sums of money in his possession up to the amount of such judgment. Ar-Lite Materials Corporation also purports to appeal from a decision of the same court, dated February 28, 1977, upon which the judgment is based. Appeal from the decision dismissed. No appeal lies from a decision. Judgment affirmed. Plaintiffs are awarded one bill of costs payable by appellant. Special Term correctly applied subdivision 2 of section 1371 of the Real Property Actions and Proceedings Law to arrive at the proper amount due and owing to the plaintiffs-respondents (see *Clarke v Schumann,* 269 NY 60). Furthermore, since the amount of the indebtedness of the mortgagor exceeded the amount for which the mortgaged premises was sold at foreclosure, the plaintiffs were in any event entitled to the rents and profits being held by the receiver (see Real Property Actions and Proceedings Law, § 1371, subd 4). This would be so whether or not plaintiffs had moved in accordance with such section for a deficiency judgment. Since the money being held by the receiver was totally exhausted by the plaintiffs' claim, Special Term was correct in holding the question of priority between appellant and respondent Federal Deposit Insurance Corporation to be academic. Cohalan, J. P., Damiani, Hawkins and Mollen, JJ., concur. ·