■ ALBANY SAVINGS BANK, Appellant, v DAVID THUM REALTY, INC., et al., Defendants, and FULTON COUNTY NATIONAL BANK AND TRUST COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered September 7, 1982 in Fulton County, which, *inter alia,* granted defendant Fulton County National Bank and Trust Company's motion for an order directing that surplus moneys be paid to it in a mortgage foreclosure action. This appeal arises out of a foreclosure action brought by plaintiff Albany Savings Bank as first mortgagee of the premises in question. Defendant Fulton County National Bank and Trust Company is holder of a second mortgage. The dispute concerns the distribution of $3,901.97 representing a fund deposited by order of the court with the Fulton County Treasurer and being the balance of money left in the hands of a receiver appointed in the foreclosure proceeding. The pertinent facts are not in dispute. While at the foreclosure sale there were other bidders, plaintiff was the successful bidder with a bid of $48,000. The terms of sale contained the following provision which was not authorized by the judgment of foreclosure and sale. "The net proceeds in the hands of the Receiver of Rents as of the date of sale will be allowed to the purchaser at the sale in the event said purchaser is a third party. In the event that purchaser is the plaintiff said moneys will be turned over to the plaintiff pursuant to Court Order." Pursuant to the judgment, plaintiff was not required to pay the entire amount of the bid at the sale but rather was to receive a deed upon payment of the expenses, taxes, costs and allowances. These expenses were determined to be some $16,000 which plaintiff paid. The total amount to be due plaintiff by the referee's report of sale was $48,586.56. Plaintiff ultimately sold the property for $30,000. Fulton County National Bank and Trust Company moved to confirm the referee's report, directing that the fund of $3,901.97 representing "surplus" moneys be paid to it less the sum of $586.56. Plaintiff cross-moved for commencement of deficiency judgment proceedings. Special Term, on reargument, granted defendant's motion and denied plaintiff's cross motion. This appeal by plaintiff ensued. A plaintiff mortgagee may recover funds held by the receiver without seeking a deficiency judgment to the extent the amount of the judgment and foreclosure exceeds the amount paid for the property upon the sale (see RPAPL 1371, subd 4; *Allison v Roslyn Plaza,* 58 AD2d 820, mot for lv to app den 43 NY2d 642). Here, the amount paid for the property was the amount bid at the sale (see *First Nat. Bank & Trust Co. of Elmira v Jones,* 250 App Div 140, 141). Consequently, plaintiff is not entitled to the full amount held by the Fulton County Treasurer but only the resulting deficiency of $586.56 as determined by Special Term. We merely add that to the extent the terms of sale varied from the judgment of foreclosure and sale and RPAPL 1371 (subd 4), they are void (*Morgan v Ellenville Sav. Bank,* 55 AD2d 178, 180, mot for lv to app den 41 NY2d 803). There should be an affirmance. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.