■ ALBANY SAVINGS BANK, FSB, Respondent, v FRED GRELLER ASSOCIATES, INC., et al., Defendants, and JAY LANDESMAN et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order and Judgment of Supreme Court, Ontario County, Curran, J.—Mortgage Foreclosure.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.

■ ALBANY SAVINGS BANK, FSB, Respondent, v FRED GRELLER ASSOCIATES, INC., et al., Defendants, and JAY LANDESMAN et al., Appellants. (Appeal No. 2.)—Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to foreclose a mortgage on real property known as Townline Plaza, a shopping mall located in Canandaigua. Townline Plaza Associates (Townline), the mortgagor, is a limited partnership whose general partners are defendants Mark Schachter and Contemporary Properties, Ltd. (Contemporary). Defendant Jay Landesman is president of Contemporary. Schachter, Contemporary and Landesman are guarantors of Townline's mortgage debt to plaintiff.

Townline filed for bankruptcy, which automatically stayed the foreclosure action. On plaintiff's motion, the Bankruptcy Court lifted the stay, finding that plaintiff was undersecured because the value of the shopping center was less than the remaining mortgage debt. Plaintiff proceeded with the foreclosure action, obtained a judgment and purchased the property at the foreclosure sale for $1,400,000.

Plaintiff then moved to have the surplus funds held by Sibley Real Estate Services, the court-appointed receiver, applied to reduce the mortgage deficiency and also moved to obtain a deficiency judgment for the balance. The court granted both motions. Defendants Landesman and Contemporary moved to renew and reargue and the court granted the motion, but adhered to its original decision. Defendants Landesman and Contemporary appeal.

The court properly granted plaintiff's motions. There was no need for a hearing to determine the fair market value of the property (see, RPAPL 1371 [2]; *New York Life Ins. Co. v Guttag Corp.,* 265 NY 292, 296). Defendants conceded the accuracy of plaintiff's appraisal of the fair market value based on the income approach for the purpose of fixing the amount of plaintiff's secured claim. Moreover, the determination by the Bankruptcy Court of the fair market value of the property collaterally estopped defendants from relitigating that issue in Supreme Court (see, *Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Gilberg v Barbieri,* 53 NY2d 285, 291). In a disclosure statement and reorganization plan before the Bankruptcy Court, Landesman conceded that plaintiff's recent appraisal was valid and accurate. Here, the subject property was the sole asset of Townline. Since its value was less than the remaining mortgage debt, defendants Schachter and Contemporary are liable for the deficiency judgment as general partners of Townline and defendant Landesman is liable as guarantor of the mortgage debt. Lastly, the court properly determined that plaintiff was entitled to the surplus funds held by the receiver (see, RPAPL 1371 [4]; *Albany Sav. Bank v Thum Realty,* 97 AD2d 891; *Dime Sav. Bank v Anshel Realty Corp.,* 58 AD2d 881, 882). (Appeal from Order and Judgment of Supreme Court, Ontario County, Curran, J.—Renewal and Reargument.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.